FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE C., | No. 1:24-CV-03150-ACE |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,[1] | **ECF Nos. 12, 17** |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief, Defendant's Brief in response, and Plaintiff's reply. ECF No. 12, 17, 18. Attorney Matthew Robert McGarry represents Plaintiff; Special Assistant United States Attorney John Drenning represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

**JURISDICTION**

Plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits in May 2020, alleging onset of disability on May 6, 2020. Tr.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

262, 268, 278.  The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Laura Valente held a hearing on October 25, 2022, Tr. 65-91, and issued an unfavorable decision on November 10, 2022, Tr. 18-42.  The Appeals Council denied Plaintiff's request for review on July 25, 2024, Tr. 2-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on September 27, 2024.  ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and

making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On November 10, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 18-42.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through September 30, 2015, had not engaged in substantial gainful activity since the alleged onset date, May 6, 2020. Tr. 20-21.

At step two, the ALJ determined Plaintiff had the following severe impairments: back strain, fibromyalgia, depressive disorder, post-traumatic stress disorder ("PTSD"), anxiety disorder, personality disorder, and substance abuse disorders. Tr. 21.

ORDER GRANTING DEFENDANT'S MOTION . . . - 3

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 22.

The ALJ assessed Plaintiff's Residual Functional Capacity ("RFC") and found Plaintiff could perform medium exertion level work, with the following limitations:

> [Plaintiff] can sit, stand, and walk for up to six hours each in an 8-hour day. She can occasionally climb ladders, ropes, and scaffolds. She can frequently climb ramps and stairs, balance, and stoop. **She is capable of simple, routine tasks**. She can work superficially and occasionally with [the] general public, and she can work in the same room with coworkers but should not have coordination of work activity.

Tr. 24 (emphasis added).

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a housekeeping cleaner.  Tr. 39-40.

At step five, the ALJ alternatively found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of kitchen helper, day worker, and production assembler.  Tr. 40-42.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, May 6, 2020, through the date of the decision, November 10, 2022.  Tr. 42.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff asserts the ALJ erred (1) at step four because Plaintiff's past work as a housekeeper does not constitute past relevant work under the Agency's

regulations; and (2) at step five because the ALJ's conclusion that Plaintiff "could not sustain work with detailed or complex instructions and steps" conflicts with the General Educational Development Reasoning Level 2 jobs identified as work Plaintiff could perform. ECF No. 12 at 2. Defendant does not dispute, and thus concedes, that the ALJ erred at step four. *See* ECF No. 17. The admitted error at step four does not change the result if step five was done correctly. Therefore, only the ALJ's alternative step five determination is at issue in this case.

## DISCUSSION

Plaintiff argues the ALJ erred at step five because the ALJ's determination that Plaintiff could not sustain work with detailed or complex instructions, Tr. 33, conflicted with the Reasoning Level 2 jobs identified by the vocational expert and the ALJ as work Plaintiff could perform. ECF No. 12 at 7-12. Defendant counters that Plaintiff has not demonstrated a conflict between the three identified jobs and the functional limitations assessed by the ALJ. ECF No. 17 at 4-9.

At step five of the sequential evaluation process, the burden shifts to the ALJ to identify jobs that exist in significant numbers in the national economy that the claimant can perform. In making the step five determination, the ALJ "may consult a series of sources including a [vocational expert] and the [Dictionary of Occupational Titles ("DOT")]. *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017); *see* Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704. "If the [vocational] expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016); *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("SSR 00-4p unambiguously provides that '[w]hen a [vocational expert] . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert's]

. . . evidence and information provided in the [DOT].'"). The ALJ has an affirmative duty to resolve any obvious or apparent conflicts between the DOT and the vocational expert's testimony. *Lamear*, 365 F.3d at 1205; *Massachi*, 486 F.3d at 1152-1153.

An "obvious or apparent" conflict exists where the vocational expert's testimony is "at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." *Gutierrez*, 844 F.3d at 808. Where such a conflict exists, the ALJ may accept the vocational expert's testimony that contradicts the DOT only if the record contains "persuasive evidence to support the deviation." *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)). Without an explanation from the ALJ addressing this conflict, courts cannot "determin[e] whether the ALJ's decision is supported by substantial evidence." *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015).

Here, each of the three identified jobs – kitchen helper, day worker, and production assembler – requires a Reasoning Level 2. *See* DOT 318.687-010; DOT 301.687-014; DOT 706.687-010. Reasoning level 2 requires a person to be able to do the following: "Apply commonsense understanding to carry out **detailed but uninvolved** written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT, Appendix C, Section III, 1991 WL 688702 (emphasis added).

The body of the ALJ's decision indicates Plaintiff "could not sustain work with detailed or complex instructions and steps," Tr. 33, but the very next sentence in the ALJ's opinion states, "[h]owever, the medical evidence generally indicates that the claimant could sustain simple and routine tasks." The ALJ's specific RFC determination holds that Plaintiff is capable of performing "simple, routine tasks." Tr. 24. It is clear the ALJ concluded Plaintiff could not perform detailed or complex work and was thus limited to simple, routine tasks.

  The Ninth Circuit has held that simple work is consistent with positions requiring Reasoning Level 2. *Davis v. Saul*, 846 Fed.Appx. 464, 466 (9th Cir. 2021); *Lara v. Astrue*, 305 Fed.Appx. 324, 326 (9th Cir. 2008) (finding "someone able to perform simple, repetitive tasks is capable of doing work requiring more rigor and sophistication-in other words, Reasoning Level 2 jobs"). It has been specifically determined that a claimant's limitation to "simple, routine tasks" is consistent with the Reasoning Level 2 ability "to carry out detailed but uncomplicated instructions and dealing with problems involving few variables." *Zavalin*, 778 F.3d at 847; *Cervantes v. O'Malley*, 2024 WL 1173827 at *4 (E.D. Cal. Mar. 19, 2024) ("The Ninth Circuit has repeatedly indicated the ability to perform 'simple' work corresponds with Reasoning Level 2 abilities."); *Meissl v. Barnhart*, 403 F.Supp.2d 981 (C.D. Cal. 2005) (finding no conflict between limitation to simple/routine tasks and Reasoning Level 2 jobs). As stated by the Ninth Circuit in a fairly recent unpublished opinion, an ability to "perform 'simple and routine work tasks' . . . corresponds to Level 2 Reasoning and the 'detailed but uninvolved' work it entails." *Bradshaw v. Kijakazi*, 2022 WL 17500610 at *2 (9th Cir. 2022).

  The ALJ's determination that Plaintiff could not sustain work with detailed or complex instructions but was instead limited to simple, routine tasks does not conflict with the ALJ's ultimate conclusion that Plaintiff was able to perform the Reasoning Level 2 "detailed but uninvolved" positions of kitchen helper, day worker, and production assembler. The Court finds no error at step five; therefore, Plaintiff is not entitled to a remand.

## CONCLUSION

  Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Accordingly, **IT IS HEREBY ORDERED:**

  1. Defendant's motion to affirm, **ECF No. 17**, is **GRANTED**.

2.    Plaintiff's motion to reverse, **ECF No. 12**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive shall file this Order and provide copies to counsel.  **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED June 3, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE